UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

In re:
ANGELA A. BERG,                                              Case No. : HG 07-00951
                                                             Chapter 13
        Debtor.                                      Honorable Jeffrey E. Hughes
_____/

CHAPTER 13 PLAN

[ ] Original or  [X] Amendment No. One **(corrected)**     [X] Pre Confirmation  [ ] Post Confirmation.
*Changes from original are in bold italics and* ~~strikeout~~.

I.    GENERAL PROVISIONS

    This Plan will use the term "Debtor" to refer to the person or both persons who filed the Petition in this case.  Terms listed after "[ ]" are applicable only if the box is checked.

    A.  PLAN PAYMENT: Plan payments shall commence within thirty (30) days of the filing of this Plan.
        1. The Plan proposes payments of $103.00 weekly for a minimum of 36 months.
        2. The debtor will submit all disposable income directly to the control and supervision of the trustee. If the debtor becomes 30 days delinquent in making payments under the plan, the trustee may submit a payroll order to the Clerk with an appropriate affidavit (copied to the debtor and debtor's counsel) and the Court may enter the payroll order without further hearing. The debtor will notify the trustee immediately of any changes of employment until the plan is completed.

    B.  LIQUIDATION TEST   The amount to be distributed on each allowed unsecured claim under the Plan shall not be less than the value as of the Petition date of the amount that would be paid on such claim if the estate of the Debtor was liquidated under Chapter 7 of the Bankruptcy Code.

    C.  DISPOSABLE INCOME & TAX REFUNDS   The applicable commitment period is three years. Debtor shall pay into the Plan all disposable income as defined by 11 USC §1325(b)(2) for not less than the applicable commitment period.  Debtor will pay the trustee a minimum of  $16,068 ($103*52*3), plus all income tax refunds during the first three years of the plan..

    D.  BALLOON PAYMENT   The Debtor shall remit such additional sums as may be necessary to complete payments required under the Plan within 60 months of Plan confirmation.

    E.  VESTING, POSSESSION OF ESTATE PROPERTY AND LIEN RETENTION:  Upon confirmation of the Plan, all property of the estate shall not  vest in the Debtor [11 USC §1327(b)] but shall remain property of the estate.  The Debtor shall remain in possession of all property of the estate during the pendency of this case unless specifically provided herein [11 USC §1306(b)].  The Debtor shall bear the responsibility to insure all real estate, vehicles and other property of value.  The trustee shall have no responsibility to insure property of the estate and shall have no liability by reason of this vesting provision.  All secured creditors shall retain the liens securing their claims subject to the avoidance powers of the Debtor granted herein and provided the Debtor retains possession of the collateral and unless otherwise stated.  Debtor*, on behalf of the estate, and in conjunction with the trustee as necessary,* shall have standing to commence turnover actions under 11 USC §542, to assert strong-arm powers under 11 USC §544, to avoid statutory liens under 11 USC §545, to recover preferences under 11 USC §547 and/or to avoid fraudulent conveyances under 11 USC §548, and/or to sell the estate's interest and interest of any co-owner pursuant to 11 USC 363(h) and in furtherance thereof commence adversary proceedings.

    F.  PROHIBITION AGAINST INCURRING POST-PETITION DEBT & DISPOSAL OF PROPERTY.
During the term of this Plan, the Debtor shall not incur post-petition debts in excess of $1,000 without first obtaining approval from the Court and may not dispose of any nonexempt real or personal property of a value greater than $1,000 without first obtaining the consent of the Court.

G.  UNSCHEDULED CREDITORS FILING CLAIMS   If a creditor's claim is not listed in the schedules, but the creditor nevertheless files a timely proof of claim, the Trustee is authorized to classify the claim into one of the classes under this Plan and to pay the claim within that class, unless the claim is disallowed.

H.  PLAN REFUNDS   The Trustee may in the exercise of his duties to assist the Debtor in performance under the Plan, grant reasonable refunds to the Debtor from funds paid to the Trustee but not distributed to creditors to meet emergency situations which might arise during the Plan.  The Plan duration shall be extended to the extent necessary to repay all refunds granted.

I.  ACCEPTANCE OF PLAN:  **Any creditor's failure to object to confirmation of the proposed Plan shall constitute the creditor's acceptance of the treatment of its claim as proposed by the Plan, pursuant to 11 USC §1325(a)(5)(A).**

J.  CLAIM OBJECTIONS:  Confirmation of this Plan does not bar a party in interest from objecting to a claim which is not filed in accordance with Federal Bankruptcy Rules 3001 or 3002.

K.  PRESERVATION OF CLAIMS:  Confirmation of this Plan shall constitute a finding that the Debtor does not waive, release or discharge but rather retain and reserve for Debtor and the Chapter 13 Trustee any and all pre-petition claims and any and all post-petition claims that Debtor could by law or might assert against any party or entity arising under or otherwise related to any state or federal consumer statute or under state or federal common law including but not limited to fraud, misrepresentation, breach of contract, unfair and deceptive acts and practices, retail installment sales act violations, Truth in Lending violations, Home Equity Protection Act violations, Real Estate Settlement Protection Act violations, Fair Debt Collection Practices Act violations, Fair Credit Reporting Act violations, Equal Credit Opportunity Act violations, Fair Credit Billing Act violations, Consumer Leasing Act violations, Federal Garnishment Act violations, Electronic Funds Transfer Act violations, and any and all violations arising out of rights or claims provided for by Title 11 of the United States Code, by the Federal Rules of Bankruptcy Procedure, or by the Local Rules of this Court.

L.  RELEASE OF SECURITY INTERESTS:  Upon the satisfaction or other discharge of a security interest in a motor vehicle, mobile home, or in any other *personal* property of this estate in bankruptcy for which a secured party is listed as such on, or has possession of the certificate of title, the secured party shall within 10 days after demand and, in any event, within 30 days of receipt of the notice of the entry of the Discharge Order, execute a release of its security interest on the said title or certificate, in the space provided therefore on the certificate or as the Secretary of State prescribes, and mail or deliver the certificate and release to the Debtor or the attorney for the Debtor.  Confirmation of this Plan shall impose an affirmative and direct duty on each such secured party to comply with the provision.  This provision shall be enforced in a proceeding filed before the Bankruptcy Court and each such creditor consents to such jurisdiction by failure to file any timely objection to this Plan.  Such an enforcement proceeding may be filed by the Debtor in this case either before or after the entry of the discharge order and either before or after the closing of this case.  The Debtor specifically reserves the right to file a motion to reopen this case under 11 USC §350 to pursue the rights and claims provided for herein.

M.  TRANSFER OF CLAIMS:   If a claim has been transferred by the holder thereof after the holder has filed a proof of claim with the Trustee, then the failure of the transferee to file evidence of the terms of the transfer with the Clerk of the Bankruptcy Court, with the Trustee, and with the attorney for the Debtor shall not serve to remove the transferor as a creditor in this case.   In such event, the debtor's plan payments to the trustee may constitute a defense to any motion for lift of stay brought by the transferor or the transferee.

N.  CLAIMS OBJECTIONS AND ACTIONS:  The Debtor reserves the right to object to any proof of claim that is not filed in compliance with Rule 3001 of the Bankruptcy Rules and furthermore reserves any and all claims, causes of action, offsets, or defenses the Debtor may have with respect to any such claim.  Furthermore, to the extent a filed proof of claim is inconsistent with this Plan or with any of the Schedules or Statements filed in this case, then and in that event the Debtor reserves the right to object and to pursue any and all legal claims related to or arising out of the transactions or occurrences giving rise to and otherwise related with the said claim or claims.  To the extent the Debtor raises an objection to a filed proof of claim, or to a notice of transfer of a filed claims, or files any adversary proceeding related to such an original claim or a transferred claim, then and in that event this Plan shall be deemed to be automatically amended so as to indicate that such a claim is disputed, contingent and unliquidated.  The Debtor also reserves to the estate or the Debtor all claims or causes of action he

may have, could have or might have based on any claim filed with the Trustee in this case by any creditor, assignee or transferee and nothing in this Plan or in these Schedules shall be deemed a waiver of any such claims or causes of action.

O. STAY: Except as otherwise provided by the Bankruptcy Code, *u*pon confirmation of this Plan, all creditors who are provided for under the Plan shall be specifically prohibited from taking any of the following actions pursuant to 11 USC §362(a):  (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the Debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the Debtor that arose before the commencement of the case under this title; (2) the enforcement, against the Debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title; (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate; (4) any act to create, perfect, or enforce any lien against property of the estate; (5) any act to create, perfect, or enforce against property of the Debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title; (6) any act to collect, assess, or recover a claim against the Debtor that arose before the commencement of the case under this title; (7) the setoff of any debt owing to the Debtor that arose before the commencement of the case under this title against any claim against the Debtor; and (8) the commencement or continuation of a proceeding before the United States Tax Court concerning a corporate Debtor's tax liability for a taxable period the bankruptcy court may determine or concerning the tax liability of a Debtor who is an individual for a taxable period ending before the date of the order for relief under this title.

P. COMPLIANCE:  Confirmation of this Plan shall constitute a finding by the Court that the Debtor has fully complied with all of the required pre-confirmation obligations imposed by Title 11 of the United States Code, the Rules of Bankruptcy Procedure, the Local Rules of this Court, and all Administrative Orders and any other procedures related to the implementation of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005.

II. TREATMENT OF CLAIMS

A. PROOFS OF CLAIM:  The Trustee shall only distribute payments, including adequate protection payments, to creditors who have actually filed proofs of claim (including adequate proof of security) with the Court that are deemed allowed pursuant to 11 USC §502(a).  However, if a creditor does not file a timely proof of such creditor's claim, then either the Debtor or the Trustee may file such a claim as provided for by 11 USC §501(c) and in that event such claim shall be deemed the claim for all purposes under the Plan.

B. PAYMENT ADDRESSES: The Trustee shall mail payments to the address provided on the proof of claim unless the claimant provides the Trustee with another address in writing for payments to be sent.  If the claim is assigned or transferred, the Trustee shall continue to remit payments to the original claimant until a formal notice of assignment or transfer is filed  with the Court.

C. ORDER OF PAYMENTS: The Trustee shall sequentially pay all allowed claims filed in this proceeding.  The claims shall be paid as filed or allowed, in the following order:
1. ***Trustee fees per statute;***
*1A*.  Priority domestic support claims provided by the Plan;
2. Ongoing mortgage payments;
3. ***Other*** Administrative claims, including fees paid to the ~~Trustee and~~ Debtor's attorney;
4. Adequate protection payments ordered by the Court or provided by the Plan;
5. Secured claims;
6. Other priority claims, e.g., income tax claims; and
7. General unsecured and postpetition claims.

D. ADMINISTRATIVE EXPENSES:   The Debtor shall pay administrative expenses in full, including filing fees; Trustee's percentage fee for payment of its costs, expenses and compensation as may be provided by the U.S. Attorney General; and allowed attorney fees. Debtor agrees to pay a minimum attorney fee as follows or the amount approved by the Court in the Order Confirming Plan and subsequent Orders in full as administrative expenses, plus any additional amounts allowed by the Court.
1. The Trustee shall pay administrative expenses including attorney fees (excluding Trustee

3

expenses) shall be paid as follows from funds on hand:

    a. Court filing fee to be paid by Chapter 13 Trustee to the Court within 120 days of filing the petition: $244.00.

    b. Initial attorney fee allowed as administrative expense and paid by the Trustee through the Plan: $2,400 less $-0- paid directly by Debtor prior to filing, leaving a balance to be paid through the Plan in the amount of $2,400.00.

  2. Any unpaid filing fee shall be paid before any further attorney fees are paid through the Plan. Attorney fees allowed at confirmation or by other Order(s) shall be paid as an administrative expense claim prior to allowed claims of all other creditors except for ongoing mortgage payments, adequate protection payments, and Trustee's fees.

  3. In the event that Debtor's proceeding is dismissed prior to confirmation, counsel for the Debtor shall be paid by the Trustee from monies on hand at dismissal upon presentation of the Court's Order allowing attorney fees.

E. <u>PRIORITY CREDITORS</u>  Debtor shall pay in full, in deferred cash payments, all claims entitled to priority under 11 USC §§507 and 1322, except for priority claims under 11 USC §507(a)(1)(B), unless the holder of the particular claim agrees to a different treatment of such claim.

  1. Domestic Support Obligations ("DSOs"): All post-petition DSOs, including post-petition DSOs assigned to a governmental unit, will be paid directly to the holder by the Debtor or to the assignee of the claim and not through the Chapter 13 Trustee unless otherwise specified under the "Special Terms" section of the Plan.

    a. [X] None.

    b. The name, address and phone number including area code of the holder of any DSO as defined in 11 USC §101(14A). Pursuant to 11 USC §112, the names of minor children should not be disclosed.

<u>Name</u>      <u>Address (incl. city, state, zip code)</u>      <u>Telephone</u>

  2. DSO pre-petition arrearages owed to DSO holders under 11 USC §507(a)(1)(A), or assigned to a governmental unit, to be paid in full through the Chapter 13 Plan on a pro-rata basis after payment of secured claims and the attorney fee and prior to payment of any non-DSO priority claim, unless a different treatment is proposed under the "Special Terms" section of the Plan:

    a. [X] None.

    b. <u>Name of holder</u>      <u>Amount of Arrearage</u>

  3. Priority Claims Other Than DSOs shall be paid in full on a pro rata basis as follows:

    a. Real estate tax claims shall be paid as secured claims, pro-rata with other secured creditors, subsequent to monthly payments on the Debtor's residence, but together will all remaining secured claims. The trustee shall also pay interest at the statutory rate.

    b. Other priority claims shall be paid subsequent to the payment of all secured claims.

    c. Other priority payment provisions:

F. <u>SECURED CREDITORS</u>: Other than secured claims that are to be paid as long-term debts pursuant to 11 USC §1322(b)(5), or that are to be paid directly by the Debtor, the Trustee shall pay the value of all allowed secured claims, on a pro rata basis in monthly amounts sufficient to provide adequate protection.

  1. Debtor's principal residence:

    a. Creditor, _____ or its assignee shall retain its mortgage lien. The creditor shall be paid its regular monthly payment estimated to be $____, in the following manner:

      [ ] 1. Payments directly by the Debtor to the creditor since the Debtor is current on the payments.

      [ ] 2. Payments through the Plan commencing with the first payment due on 1 October 2006 or subsequent to the first date set for the hearing on Plan Confirmation and [X] prior to or [ ] pro-rata with, monthly payments to other secured creditors, if any.

    b. Estimated arrearages are $_____. Any claim allowed for an arrearage shall be paid over a reasonable period of time, through pro-rata distributions with the other secured claimants. Pursuant to 11 USC §1322(a)(5), if said mortgage was entered into after 22 October 1994, no interest shall be paid on the arrearage. The mortgage in this case was entered into after 22 October 1994.

4

      c. If the regular monthly payment is being made by the Trustee, upon notification by the mortgagee or contract holder of any payment increase caused by a variable interest rate change or escrow modification, the Trustee is authorized to automatically increase or decrease the Plan payment by an amount sufficient to cover the increased or decreased mortgage payment and the additional or reduced Trustee fees thereon. The Trustee shall amend any wage order in place to include this increase, with notice to the employer, Debtor, and counsel.

      d. Creditor, _____ its assignee shall retain its second mortgage lien. The creditor shall be paid its regular monthly payment estimated to be $_____, through the Plan commencing with the first payment due on 1 October 2006 or subsequent to the first date set for the hearing on Plan Confirmation and [X] prior to or [ ] pro-rata with, monthly payments to other secured creditors, if any.

      e. Estimated arrearages are $_____. Any claim allowed for an arrearage shall be paid over a reasonable period of time, through pro-rata distributions with the other secured claimants. Pursuant to 11 USC §1322(a)(5), if said mortgage was entered into after 22 October 1994, no interest shall be paid on the arrearage. The mortgage in this case was entered into after 22 October 1994.

      [ ] f. The Trustee will escrow $_____ per month for the payment of future property taxes on Debtor's residence. The escrowed funds will be disbursed upon the Trustee's receipt of a real estate tax bill.

      [ ] g. The claim of creditor, _____, in the approximate amount of $_____, which is currently secured by a 2nd mortgage on Debtor's personal residence, shall be treated and paid as general unsecured claim, as no equity in the collateral remains to secure this claim. See *In re Lane*, 280 F3d 663 (6th Cir. 2002), *In re Phillips*, 224 B.R. 871 (Bankr. WD Mich. 1998), and *In re Fuller*, 255 BR 300 (Bankr. WD Mich. 2000). Within 30 days of Debtor's completion of payments under the terms of the confirmed Plan, _____ shall record a release of mortgage with the _____ Register of Deeds office. If _____ refuses or fails to release its lien, Debtor may move the court to order such a release. If Debtor succeeds in the motion, the creditor shall pay Debtor's reasonable attorney fees associated with such motion.

      [ ] h. Trustee shall pay Debtors' real estate taxes to _____ in the approximate amount of $_____, together with interest at the statutory rate  This real estate tax claim shall be paid pro-rata with other secured creditors, subsequent to monthly payments on the Debtor's residence, but together will all remaining secured claims.

  2. Other Real Property creditors (if any) shall be treated as follows: None.

  3. Confirmation of the Plan shall impose a duty and legal obligation on the holders and/or the servicers of any claims secured by liens and mortgages on residential real property to apply the payments received from the Trustee to the continuing monthly payments and on the pre-petition arrearages, if any, and only to such continuing payments and arrearages.

  Any violation of this provision shall be deemed a violation of 11 USC §524(i) in the event that the mortgage loan or loans is not serviced in a manner in compliance with this provision of the Plan and to the extent the improper servicing results in improper fees and charges of totaling more than $50.00.

  The Debtor further specifically invokes and intends for this Plan provision to invoke and to reserve to the Debtor the provisions of 11 USC §524(i).

  4. Personal Property

    a. Collateral shall be retained:

      1) Each secured creditor in this Class shall retain its lien*,* and shall be paid in full to the allowed value of the underlying collateral. In addition, interest on the secured value shall be paid at the lesser of *8.0%* or contract rate, unless specified below. Each secured creditor shall be paid pro-rata with other secured claims unless otherwise indicated below. The excess if any secured claim over the value of the collateral shall be paid in the same manner as general unsecured claims. Upon full payment of each secured creditor's allowed secured claim, that creditor shall release its lien. If such a secured creditor refuses or fails to release its lien, Debtor may move the Court to order such a release. If Debtor succeeds in the motion, the creditor shall pay Debtor's reasonable attorney fees associated with such motion.

      Secured creditors in this Class, their collateral, its value and method of payment are as follows:

| Creditor | Collateral | Value | Clm Amt | Interest Rate | Min Pmt/Pro Rata |
|---|---|---|---|---|---|
| | | | | | |

      2) a) Each secured creditor in this Class has a lien on a vehicle acquired for the personal use of the Debtor and the debt was incurred within 910 days; or as to other personal property acquired for personal use of the Debtor within 1 year prior to the filing of the Petition. Such a claim is not subject to

5

cramdown and will be paid the full balance owing. However, the interest will be paid at the lesser of **9.0%** or the contract rate.

| Creditor | Collateral | Value | Clm Amt | Interest | Min Pmt/Pro Rata |
|---|---|---|---|---|---|
| Nat'l Auto | 2001 Jetta | $7,813 | *$10,392* | *9.0%* | *$175* |

        b.) 11 USC § 1325(a)(5) : The holder of such claim shall retain the lien securing such claim until the earlier of the payment of the underlying debt determined under non bankruptcy law; or discharge under section 1328; and if the case under this chapter is dismissed or converted without completion of the plan, such lien shall also be retained by such holder to the extent recognized by applicable nonbankruptcy law; and the value as to the effective date of the plan, or property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim if payments, such payments shall be in equal monthly amounts ; and the holder of the claim is secured by personal property, the amount of such payments shall not be less than an amount sufficient to provide to the holder of such claim adequate protection during the period of the plan.

    b. Collateral to be surrendered:
      1) The collateral for the following secured claims shall be surrendered to the creditor in satisfaction of its secured claim and any deficiency claim which is timely field shall be treated as a general unsecured claim:

| Creditor | Collateral | Estimated Value |
|---|---|---|
| | | |

      2) 11 USC §1325(a)(9)(*) provides that for purposes of paragraph (5) of 11 USC §1325(a), 11 USC §506 shall not apply to a claim described in that paragraph if the creditor has a purchase money security interest securing the debt that is the subject of the claim, the debt was incurred within the 910-day preceding the date of the filing of the petition, and the collateral for that debt consists of a motor vehicle acquired for the personal use of the Debtor, or if collateral for that debt consists of any other thing of value, if the debt was incurred during the 1-year period preceding that filing.  Since 11 USC §506(a)(1) provides for the allowance of unsecured claims for under-secured creditors, and since such section does not apply to these claims, then to the extent that this Plan provides for the abandonment of any 910-day or 1-year collateral to the holder of the secured claim then and in that event such action shall be deemed in full satisfaction of the underlying debt and such creditor shall not be allowed and in fact precluded from filing an unsecured deficiency claim after the recovery and disposition of the collateral.

      3) The Debtor surrenders any interest in the collateral securing the claims of the above-specified creditors.  Upon confirmation, the automatic stay will be deemed lifted for the collateral and the creditor need not file a motion for relief from stay in order to repossess, foreclose upon or sell the collateral.  Nothing herein is intended to lift any applicable co-Debtor stay, or to abrogate the Debtor' state law contract rights.

    5. If a claim is listed in the Plan as secured and the creditor files a proof of claim as an unsecured creditor, the creditor shall be treated as unsecured for purposes of distribution and for any other purpose under the Plan.

    6. If a creditor obtains relief from the automatic stay at anytime during this proceeding the Trustee shall make no further payments to this creditor, as to the secured claim, after receipt of an Order For Relief From Stay.

   G. <u>EXECUTORY CONTACTS</u>  (other than land contracts)
    1. The Debtor has the following executory contracts, which may include tenancy leases, vehicle leases, so-called rent-to-own contracts and the like which will be treated as follows:

| Creditor | Assume/Reject | Pmt Amt | Months In/Out |
|---|---|---|---|
| Any Creditor with Arbitration Clause Provision | Reject | | |

    2. Pre-petition defaults on assumed executory contacts shall be treated as follows:

   H. <u>UNSECURED CREDITORS</u>
    1. General Unsecured Creditors: Unsecured creditors without priority will receive a dividend on account of their allowed claims equal to their pro rata share of whatever remains of Debtor's plan payments after

all other creditors, including all unsecured claimants with priority claims, have been paid in full. Debtor estimates that this remaining amount will be $329.00.  However, this amount may be less (but not less than zero) if claims are allowed in an greater amount than scheduled, or if additional administrative or other priority claims, including additional attorneys fees incurred by Debtor, are allowed.

      2.  Special Unsecured Creditors: Claims in this class may include debts co-signed by an individual other than the Debtor, debts for non-sufficient funds (NSF) checks, for continuing professional services or debts that may be nondischargeable such as student loans or criminal fines.  Claims in this class include:

Creditor                    <u>Reason for Special Treatment</u>   <u>Interest</u>

[ ] a.  Claims of the above creditors will be paid in full to be disbursed pro-rata with dividends to allowed general unsecured creditors until all unsecured creditors have been paid the base or percentage provided or the Plan has continued for 36 months, whichever provides the greater dividend to unsecured creditors; at which time dividends to special unsecured creditors shall continue until the claim is paid in full, including interest if specified above.
[ ] b.  The special unsecured claim of _____ shall be paid directly by the debtors outside the plan.

    I.  <u>POSTPETITION CLAIMS</u>: Postpetition claims shall be paid in full through the plan pro rata with secured creditors as long as a timely claim is filed within the latter of 180 days of the claim's arisal or 90 days after receiving notice of this proceeding.

III  <u>SPECIAL PROVISIONS</u>

    A.  Tax Returns:  All tax returns which have become due prior to the filing of this case have been filed, except as follows:

    B.  Debtor Engaged in Business:
      [ ] If the box to the left is "checked," the Debtor is self-employed and incurs trade credit in the production of income from such self employment.
      1.  11 USC §1304(b) and (c) regarding operation of the business and duties imposed upon the Debtor are incorporated herein by reference.
      2.  The Debtor shall comply with the provisions of any Definitive Order entered by the Court, including but not limited to  the filing with the Trustee of such business operating reports and income tax returns as are required on a monthly basis or otherwise.

IV  <u>OTHER PLAN PROVISIONS NOT SEPARATELY SET FORTH ABOVE:</u>

Dated: 15 April  2007                    /s/ Angela A. Berg
                                        Angela A. Berg, Debtor

/s/ Roger G. Cotner
Counsel for the Debtor:
Roger G. Cotner P36569
COTNER LAW OFFICE
P.O. Box 838
Grand Haven, MI  49417
616-846-7153
cotner@chartermi.net

8